1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10
11

| | |
|---|---|
| MANUEL SHOTWELL,<br><br>             Petitioner,<br><br>   v.<br><br>A. HEDGPETH,<br><br>             Respondent.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:10-cv-01496 LJO MJS HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b) AND TO DENY PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE FURTHER DOCUMENTS |

12
13
14
15
16
17

18      Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254. Petitioner is represented by Katherine Hart, Esq.

20      In the petition filed on August 19, 2010, Petitioner raises several challenges to his May

21  2, 2002 conviction in Kern County Superior Court for conspiracy to commit murder and of

22  attempted premeditated murder. A review of the Court's docket and files revealed that

23  Petitioner has previously sought federal habeas relief with respect to this conviction. In

24  <u>Shotwell v. Evans</u>,  2011 U.S. Dist. LEXIS 73427 (E.D. Cal. June 30, 2011) (Case No. 1:04-

25  CV-6496-LJO-DJB HC), Petitioner filed a petition for writ of habeas corpus challenging the

26  same underlying conviction. The petition was dismissed on the merits on June 30, 2011.

27      In light of the prior petition for writ of habeas corpus, on July 29, 2011, the Court issued

28  an order to show cause why the petition should not be dismissed as untimely or successive.

On September 27, 2011, Petitioner filed a response to the order to show cause. Petitioner explains that "Petitioner's 2010 federal habeas petition alleges, for the most part,  different grounds from those alleged in Petitioner's earlier 2004  petition." (Response, ECF No. 10 at 3.) The first petition mostly focused on Petitioner's mental state and his competency to stand trial or have the requisite mental state required to be found guilty of the underlying offenses. Alternatively, the instant petition focuses mostly on trial counsel's failure to investigate the truthfulness of the testimony of the victim at trial.[1] (Id. at 3-4.) Alleging that the claims in the instant petition, notwithstanding one duplicative claim, were newly discovered, and not previously presented, Petitioner asserts that the petition is not successive. Finally, Petitioner requests an extension of sixty (60) days in which to file additional records to show that the petition is not successive or untimely.

## I.   **DISCUSSION**

A court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  A court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements; the Petitioner must first file a motion with the appropriate court of appeals to be authorized to file a second or successive petition with the district court.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words,

---

[1]Petitioner does admit that his claim in the current petition that trial counsel was ineffective for failing to call an alibi witness was already presented in the earlier petition.

1    Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

2    petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must

3    dismiss any second or successive petition unless the Court of Appeals has given Petitioner

4    leave to file the petition because a district court lacks subject-matter jurisdiction over a second

5    or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

6         Because the current petition was filed after April 24, 1996, the provisions of the

7    Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current petition.

8    Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained

9    prior leave from the Ninth Circuit to file his successive petition attacking the conviction.  That

10   being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief

11   under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277. If

12   Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for

13   leave to do so with the Ninth Circuit.  See 28 U.S.C. § 2244(b)(3).

14   **II.**    **RECOMMENDATION**

15        Accordingly, the Court HEREBY RECOMMENDS the habeas corpus petition be

16   DISMISSED as successive. The Court further RECOMMENDS that Petitioner's request for an

17   extension of time to file further documents in support of his response to the order to show

18   cause  be DENIED.

19        This Findings and Recommendation is submitted to the assigned United States District

20   Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

21   Local Rules of Practice for the United States District Court, Eastern District of California.

22   Within thirty (30) days after the date of service of this Findings and Recommendation, any

23   party may file written objections with the Court and serve a copy on all parties.  Such a

24   document  should  be  captioned  "Objections  to  Magistrate  Judge's  Findings  and

25   Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)

26   days after service of the Objections.  The Finding and Recommendation will then be submitted

27   to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

28   (b)(1)(c).  The parties are advised that failure to file objections within the specified time may

1    waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th

2    Cir. 1991).

3

4    IT IS SO ORDERED.

     Dated:    October 2, 2011              /s/ Michael J. Seng

5                                           UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28